IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01176-PAB

DAT TAN NGUYEN,

     Applicant,

v.

JOHNNY CHOATE, Warden,
MATTHEW G. WHITAKER, Acting U.S. Attorney General[1],
KIRSTJEN NIELSEN, Secretary of Dept. of Homeland Security,
JEFFREY LYNCH, Acting Field Director for Colorado,
RONALD D. VITIELLO, ICE Acting Director,

     Respondents.

---

## ORDER OF DISMISSAL

---

Before the Court is Respondents' Motion to Dismiss for Lack of Jurisdiction

[Docket No. 12]. For the reasons set forth below, the Court grants the Motion, denies

the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No.

1] as moot, and dismisses this action without prejudice for lack of jurisdiction.

## I. BACKGROUND

On May 14, 2018, Applicant Dat Tan Nguyen filed *pro se* an Application for a Writ

of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Docket No. 1. He paid the filing fee.

*Id.* In the Application, Applicant stated he is "a native and citizen of Vietnam." *Id.* at 2.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), a public officer's successor is automatically
substituted as a party. Thus, Matthew G. Whitaker is substituted for Jeff Sessions as
the Acting U.S. Attorney General, and Ronald D. Vitiello is substituted for Thomas
Homan as the ICE Acting Director.

He challenged his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE") at a detention facility in Aurora, Colorado. *Id.* He alleged that a final order of removal was entered on October 17, 2017, but he had not yet been removed. *Id.* at 3; *see also* Docket No. 1-1 (Order of the Immigration Judge). He claimed his removal was not reasonably foreseeable, considering the length of time that had passed without removal. *Id.* As relief, he requested release under appropriate conditions of supervision. *Id.* at 5.

At the Court's direction, on June 6, 2018, Respondents filed a Response to Order to Show Cause. Docket Nos. 3, 11. In the Response, Respondents argued that the Application should be denied because "ICE received the Applicant's travel documents and has reason to believe that it will be able to remove Applicant in the reasonably foreseeable future." Docket No. 11 at 2.

Applicant did not file a Reply in support of the Application, as permitted in the Order to Show Cause. Docket No. 3 at 2; *see generally* Docket.

On September 28, 2018, Respondents filed the Motion to Dismiss for Lack of Jurisdiction presently before the Court. Docket No. 12. In the Motion, Respondents state that Applicant "was released on July 30, 2018" and, therefore, the Application is moot. *Id.* at 1.

Applicant has not filed a Response to the Motion, nor has he made any other filing on the Docket. *See generally* Docket. On November 5, 2018, mail addressed to Applicant was returned to the Court, indicating "Deported 7/30/2018." Docket No. 16.

## II. ANALYSIS

Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). An application for habeas corpus pursuant to 28 U.S.C. § 2241 may only be granted if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2241(c)(1) ("[t]he writ of habeas corpus shall not extend to a prisoner unless [he] is in custody").

Article III of the United States Constitution restricts the decision-making power of the federal judiciary to cases or controversies. U.S. Const. Art. III, § 2. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). Parties must have a "personal stake in the outcome" of the lawsuit at all stages of the case. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quotation omitted). Consequently, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 67 (1997) (quotations omitted). "If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (quotations omitted); *see also Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) ("The mootness doctrine

provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction.") (citation omitted).

A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer*, 523 U.S. at 7. To satisfy the case or controversy requirement, a habeas petitioner must demonstrate that he has suffered, or is threatened with, an actual injury traceable to respondents and likely to be redressed by a favorable judicial decision. *Id.* (citation omitted).

Where a habeas petitioner has been released from custody, the petition must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (citation omitted) (holding that the petitioner's release from detention under an order of supervision mooted his challenge to the legality of his extended detention).

In the Application, Applicant challenged the lawfulness of his continued detention in light of the alleged expiration of the removal period. Docket No. 1 at 2-3. He requested release "under appropriate conditions of supervision." *Id.* at 5. Respondents filed a Declaration of an ICE Deportation Officer, declaring under penalty of perjury that, "[o]n July 30, 2018, [Applicant] was removed to Vietnam and released

from ICE custody upon arrival in Vietnam." Docket No. 12-1 at 3, para. 12. Applicant has not filed anything on the docket indicating that he remains in custody or suffers some ongoing harm that may be redressed by a favorable judicial decision in this action. Thus, it appears that this case is moot, because Applicant has obtained the relief he requested: he has been released from detention and ICE custody. The Court finds that Applicant has failed to set forth any reason as to why his claims are not mooted by his release.

Moreover, the Court finds that none of the exceptions to the mootness doctrine recognized in *Riley* apply. Exception (1) is not implicated because Applicant has not alleged or shown any collateral injury resulting from his former detention. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (rejecting petitioner's argument of collateral consequences because his "inability to return to the United States is a continuing injury that stems from his removal order, not his detention").

Exception (2) does not apply because any concern that Applicant might be detained again for a prolonged period is based on speculation and therefore fails to satisfy the requirements of Article III. *See McAlpine v. Thompson*, 187 F.3d 1213, 1218 (10th Cir. 1999) (noting that speculation that a defendant will "break the law or otherwise violate the conditions of their release . . . would undermine our presumption of innocence . . . and the rehabilitative focus of the parole system"). The possibility of recurrence must be more than theoretical to keep an otherwise moot action alive. *See Murphy v. Hunt*, 455 U.S. 478, 482-83 (1982).

Exception (3), the "voluntary cessation" doctrine, provides Applicant no recourse

because there is no indication that the Respondents have released Applicant with the intention of later revoking that release, simply to evade review. *Patrick v. Gonzales*, No. 07-cv-00470-MSK-MJW, 2008 WL496288, at *1 (D. Colo. 2008) (citing *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001)).

Exception (4) does not apply because this is not a properly certified class action suit. *Riley*, 310 F.3d at 1257.

## III.  CONCLUSION

Based on the above findings, the Court concludes that Applicant's release from detention and ICE custody moots the § 2241 Application.   For the reasons stated herein, it is

**ORDERED** that Respondents' Motion to Dismiss for Lack of Jurisdiction [Docket No. 12] is granted.   It is further

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is denied as moot and this action is dismissed without prejudice for lack of jurisdiction.   It is further

**ORDERED** that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.   It is further

**ORDERED** that leave to proceed in forma pauperis on appeal is denied.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the

Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.


DATED December 21, 2018.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge